UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DENNIS MUSGRAVES, #16790-004**

        Petitioner,

v.     2:04CV684

**VANESSA P. ADAMS, WARDEN,**

        Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On August 31, 1998, in the United States District Court for the Southern District of Florida, petitioner was convicted of conspiracy to possess with intent to distribute marijuana aboard a vessel, possession with intent to distribute more than 1,000 kilograms of marijuana, and using and carrying a firearm during drug trafficking. Petitioner was sentenced to serve 300 months imprisonment.

On November 15, 2004, petitioner filed a petition for a writ of habeas corpus in this Court, seeking to compel the Bureau of Prisons (BOP) to recalculate his good conduct time (GCT). On January 25, 2005, respondent filed a motion to stay proceedings, pending the Fourth Circuit's decision in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). On February 22, 2005, the Court granted the motion, finding that petitioner would not be prejudiced by the delay and directing respondent to file a status report on April 1, 2005, if Yi had not been

decided. On April 1, 2005, respondent filed a status report advising the Court that a decision in Yi had not yet been rendered and seeking further delay. By Order of April 6, 2005, a second stay was granted, and respondent was directed to file a second status report on to July 1, 2005, if a decision in Yi had not been rendered.

On June 17, 2005, the Fourth Circuit Court of Appeals rendered a decision in Yi. On June 22, 2005, respondent filed a notice advising the Court that a decision in Yi had been rendered, but the mandate had not been issued. By order of June 28, 2005, the Court further stayed the proceeding until the mandate in Yi had been issued and directed respondent to file an answer within thirty days after the mandate was issued. On July 14, 2005, respondent filed an answer to the petition. This matter is now ripe for consideration.

### B. Grounds Alleged

The only ground that petitioner raises is that he should receive 1350 days of GCT toward his sentence, rather than the 1176 days the BOP projects he will receive.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Title 18 U.S.C. § 3624(b), allows the BOP to award up to fifty-four days of GCT for each year of an inmate's term of imprisonment upon a showing of "exemplary compliance with institutional disciplinary regulations." By awarding petitioner fifty-four days of GCT during each year he will serve in prison, the BOP has projected that petitioner will earn a total of 1176 days of GCT. After subtracting the total amount of GCT that can be earned, the BOP adjusted petitioner's expected release date from June 17, 2013, to March 29, 2010. (See Mem. in Support of Hab. Pet., App. A, Sentence Monitoring Computation Data at 2.)

Petitioner contends that § 3624(b), unambiguously awards fifty-four days of GCT for each year of his sentence, rather than for

2

each year of actual time served. Specifically, petitioner contends that by using the phrase, "term of imprisonment" in subsection (b), Congress intended to award GCT proportional to the sentence imposed, not the time actually served. Therefore, petitioner asserts that his twenty-five year sentence should yield 1350 days of GCT, which would place his release date at October 25, 2009.

In Yi, the Fourth Circuit has squarely addressed the argument raised by petitioner herein. The court found that the phrase "term of imprisonment" was ambiguous as used in 18 U.S.C. § 3624(b). Specifically, although two other uses of the phrase within the same subsection (b) clearly refer to the length of the sentence imposed, "[t]o calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually incarcerated. This unseemly result would frustrate the process and militates against finding that the phrase 'term of incarceration' unambiguously refers to the sentence imposed." Yi, 412 F.3d at 532 (citations omitted). The Fourth Circuit then found that "the legislative history of the GCT statute does not resolve the ambiguity in 18 U.S.C. § 3624(b)." Id. at 534.

When a statute is ambiguous, courts must defer to the reasonable interpretation of the administrative agency charged with administering the statute. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Because the language of § 3624(b), reflects a "clear congressional directive that the [BOP] look retroactively at a prisoner's conduct over the prior year," the BOP's construction of the GCT statute is clearly reasonable and entitled to deference. Yi, 412 F.3d at 532. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED and DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                               /s/
                                            **James E. Bradberry**
**Norfolk, Virginia**                              **United States Magistrate Judge**

  **September 7**  , **2005**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Dennis Musgraves, #16790-004D-2, <u>pro</u> <u>se</u>
    Federal Prison Camp
    P.O. Box 725
    Edgefield, SC 29824

    Susan L. Watt, Esq.
    Assistant United States Attorney
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510

                        Elizabeth H. Paret, Clerk

                        By _____
                              Deputy Clerk

                        _____, 2005